UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PERFICIENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 249 CDP |
| | ) | |
| NICHOLAS PRIORE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

Nicolas Priore was a technical consultant for Perficient, Inc., in its Boston, Massachusetts office from July 31, 2014 until February 11, 2016. Perficient assigned Priore to work for its client, Seniorlink, in June of 2015. That assignment required Priore to work onsite at Seniorlink's offices in Boston and provide support for various technology systems, including Pegasystems.[1] In February of 2016, Priore was hired directly by Seniorlink, which did not thereafter renew its contract with Perficient. Perficient alleges that Priore is prohibited from working for Seniorlink under a non-compete agreement he signed with Perficient, which it now sues to enforce.

On February 29, 2016, I entered a Temporary Restraining Order [22] preventing Priore from working on any Pegasystems projects for Seniorlink. That

---

[1] Pegasystems is a software system developed and sold by a third-party and is not proprietary to Perficient.

Order remains in effect until March 14, 2016, when a hearing on Perficient's motion for preliminary injunction is set.  The matter is now before me on Priore's motion to transfer this case to the United States District Court for the District of Massachusetts – Boston under 28 U.S.C. § 1404(a).[2]  I will grant the motion to transfer.

## Background Facts

Priore lives and works in Boston.  As a technical consultant for Perficient, Priore was responsible for, among other things, installing and supporting various Pegasystems applications and platforms.  Priore became certified to work on Pegasystems while employed at Perficient and was then sent to work at one of Perficient's clients, Seniorlink, to provide support on Seniorlink's Pegasystems projects.  According to his testimony at the TRO hearing, Priore worked Monday through Thursday at Seniorlink's Boston office and worked on Fridays at Perficient's Boston office.  Priore worked at Seniorlink for about seven months as a Perficient employee and then went to work directly for Seniorlink.  After Priore left Perficient, Seniorlink did not renew Perficient's contract to provide services and support for its Pegasystems projects.  Perficient alleges that, as an employee of Seniorlink, Priore is continuing to work on the same Pegasystems projects he

---

[2] The motion to transfer is contained in Priore's "Motion to Dismiss Case for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) or, in the Alternative, to Transfer Venue Pursuant to Rule 12(b)(3) and 28 U.S.C. § 1404(a)." [14].  I denied the motion to dismiss portion of this motion at the temporary restraining order hearing.

worked on while an employee of Perficient, is performing the same tasks he was performing while at Perficient, and is providing other products and services to Seniorlink that are competitive with the products and services offered by Perficient. Seniorlink is not a party to this lawsuit.

Priore's employment with Perficient was governed by a non-compete agreement which prevented him from providing competitive products or services to any Perficient client with whom he had worked for a period of two years. The agreement also states that it is "governed by the laws of the state where the Employee is domiciled," (which is Massachusetts) and that "the state and federal courts situated in St. Louis, Missouri shall have personal jurisdiction over the Company and Employee to hear all disputes arising under this Agreement."

Count I of the state-court petition alleges that Priore is violating his non-compete agreement and seeks to enjoin Priore from working for Seniorlink for a period of 24 months, and also seeks the return of any Perficient property. Count II alleges a breach of the non-compete agreement and requests damages for Priore's alleged breach of his restrictive covenants.

## Discussion

Priore moves to transfer this case to a more convenient forum, the United States District Court for the District of Massachusetts – Boston, under 28 U.S.C. § 1404(a), which permits a district court to transfer a civil action to any other district

where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." "A case may be transferred under § 1404(a) only when venue is proper in the transferor and transferee forums." *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014). Because Priore voluntarily removed this case to this Court, venue is proper here. *Adams v. Smithkline Beecham Corp.*, Case No. 4:15CV1829 (CEJ), 2016 WL 469369, at *2 (E.D. Mo. Feb. 8, 2016). As such, this case may be transferred to the United States District Court for the District of Massachusetts under § 1404(a) if it could have originally been filed there. This case could have been filed in Massachusetts as Priore resides there. *See* 28 U.S.C. § 1391(b)(1).

To determine whether the statutory factors justify transfer to the District of Massachusetts, this Court should consider the convenience of the parties and witnesses, including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, the accessibility of records and documents, the location where the complained of conduct occurred, and choice of law. *See Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). The Court may also consider judicial economy, plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, the ability of each party to enforce a judgment, obstacles to a fair trial, and the advantages of having a local court determine questions of local law. *C-Mart, Inc.*

*v. Metropolitan Life Ins. Co.*, Case No. 4:13CV52 (AGF), 2013 WL 2403666, at *3 (E.D. Mo. May 31, 2013).  The "primary, if not most important of these interests is the convenience of the witnesses."  *Anheuser-Busch, Inc. v. City Merchandise*, 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (internal quotation marks and citation omitted).  Courts are not limited to just these enumerated factors, and they have recognized the importance of a case-by-case evaluation of the particular circumstances presented and of all relevant case-specific factors.  *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010).  Whether to grant or deny a request to transfer a case under § 1404(a) is within the trial court's sound discretion.  *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985) (citation omitted).   However, courts give great deference to a plaintiff's choice of forum, and a party requesting transfer under § 1404(a) bears the burden of demonstrating that the transfer is justified.  *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002) (citation omitted).

To oppose transfer, Perficient relies exclusively on the forum selection clause in Priore's non-compete agreement.  That clause provides that "the state and federal courts situated in St. Louis, Missouri shall have personal jurisdiction over the Company and Employee to hear all disputes arising under this Agreement."

According to Perficient, the clause is unambiguously mandatory, not permissive,[3] because it includes the word "shall" and must be enforced according to the United States Supreme Court's decision in *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013). "The distinction between mandatory and permissive forum selection clauses matters for the purposes of the § 1404 analysis." *Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design.Build, Inc.*, Case No. 4:14CV2073 (CEJ), 2015 WL 1526005, at *3 (Apr. 2, 2015).

If the forum selection clause is mandatory, the Court must apply the *Atlantic Marine* decision and adjust its usual § 1404(a) analysis by refusing to consider arguments about the parties' private interests in favor of public interest factors only. *Atlantic Marine Construction Co., Inc.,* 134 S. Ct. at 582. Additionally, "when the parties have a valid mandatory forum selection clause, a plaintiff filing in a nonconforming venue may resist transfer under § 1404 only under 'exceptional circumstances unrelated to the convenience of the parties.'"

---

[3] Perficient cites Massachusetts law regarding the interpretation of contracts because the agreement requires that it be interpreted according to Massachusetts law. The Eighth Circuit Court of Appeals applies federal law in a forum-selection analysis. *Fru-Con Construction Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 538 (8th Cir. 2009). Moreover, for issues of contract interpretation, Perficient acknowledges that Massachusetts law on the interpretation of contracts is in accord with Missouri's. Under either state's laws the forum selection clause is unambiguous.

*Discovery Pier Land Holdings*, 2015 WL 1526005, at *3 (quoting *Atlantic Marine Construction Co., Inc.,* 134 S. Ct. at 581).

The *Atlantic Marine* analysis, however, does not apply where the forum selection clause is permissive rather than mandatory.  *See id.*; *RELCO Locomotives, Inc. v. AllRail, Inc.*, 4 F. Supp. 3d 1073, 1085 (S.D. Iowa 2014) ("Because *Atlantic Marine's* discussion of forum-selection clauses describes those where 'a plaintiff agrees by contract to bring suit *only* in a specified forum,' the Court finds that the opinion contemplated only mandatory forum-selection clauses when assessing their effect on *forum non conveniens* analysis."); *U.S. ex rel. MDI Services, LLC v. Federal Ins. Co.*, 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014) (noting that "considerations relevant to altering the § 1404(a) analysis for mandatory forum-selection clauses would not apply in this case" if forum selection clause were permissive, not mandatory); *Waste Management of Louisiana, L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 Fed. Appx. 820, 821-22 (Nov. 20, 2014) (declining interlocutory appeal of district court's finding of permissive forum selection clause and subsequent refusal to apply *Atlantic Marine* analysis, noting that vast majority of courts have refused to apply *Atlantic Marine* to permissive forum selection clauses).

"To be mandatory, a forum selection clause must contain language that clearly designates a forum as the exclusive one." *Trans National Travel, Inc. v.*

*Sun Pacific International, Inc.*, 10 F. Supp. 2d 79, 82 (D. Mass. 1998) (internal quotation marks and citation omitted). "An agreement conferring jurisdiction in one forum should not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." *Id.* (internal quotation marks and citation omitted). "Permissive forum selection clauses authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . ." *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) (internal quotation marks and citation omitted).

Perficient argues that the clause is mandatory because it states that Missouri "shall . . . hear all disputes arising under this Agreement." [27-6]. That is not what the forum selection clause says, Perficient's calculated use of ellipses notwithstanding. The clause actually says that Missouri courts "**shall have personal jurisdiction** over the Company and Employee to hear all disputes arising under this Agreement." (emphasis supplied by the Court). The term "shall" modifies "personal jurisdiction," not "hear" and does not impose a mandatory obligation upon Missouri courts "to hear all disputes arising under this agreement." While the clause forecloses either party's right to contest personal jurisdiction in Missouri, it does not obligate Missouri courts to hear this dispute to the exclusion of any other forum. As such, the forum selection clause is permissive, not mandatory. *See OsComp Systems, Inc. v. Bakken Express, LLC*, 930 F. Supp. 2d

261, 270 (D. Mass. 2013) (noting that while word "shall," when used in a forum selection clause typically indicates parties' exclusive commitment to named forum, "there is no general rule for forum selection clauses and the determination as to whether a clause is mandatory or permissive must turn on the specific language of the contract at issue.") (internal quotation marks and citation omitted); *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009) (words in forum selection clauses are "not viewed in isolation" and must be viewed in context).

Despite the use of the term "shall," the forum selection clause at issue here is easily distinguishable from the litany of cases cited by Perficient in its opposition brief.   In those cases, the courts did not find a mandatory forum selection clause based solely on the use of the word "shall."  Instead, they found mandatory clauses because the language unequivocally designated an exclusive forum.  *See, e.g.*, *Claudio-De Leon*, 775 F.3d at 46-47 (clause mandatory because it states that "any dispute . . . shall be submitted to the jurisdiction and competence" of Puerto Rico); *Xiao Wei Yang Catering Linkage in Inner Mongolia Co., LTD v. Inner Mongolia Xiao Wei Yang USA, Inc.*, 2015 WL 8751235, at *3-*4 (D. Mass. Dec. 14, 2015) (finding clause mandatory because it states that if litigation is needed, "it shall be the place of registration of the Overseas Management Company"); *Lease America.Org, Inc. v. Rowe International Corp.*, 94 F. Supp. 3d 85, 88-89 (D. Mass. 2015) (finding clause mandatory because parties "unconditionally and irrevocably"

9

consented to jurisdiction in Michigan and "irrevocably waive[d] any objection" to the exclusive jurisdiction of said courts.); *Herbert H. Landy Insurance Agency, Inc. v. Navigators Management Co., Inc.*, 2014 WL 3908179, at *5-*6 (Aug. 8, 2014) (finding clause which "submits to the exclusive jurisdiction" of New York to be mandatory); *Carter's of New Bedford, Inc. v. Nike, Inc.*, 2014 WL 1311750, at *2-*4 (D. Mass. Mar. 31, 2014) (clause mandatory where party "irrevocably consent[ed]" to the jurisdiction of Oregon courts and promised "not to initiate an action . . . in any other forum."); *Kebb Management, Inc. v. Home Depot U.S.A., Inc.*, 59 F. Supp. 3d 283, 287-88 (D. Mass. 2014) (clauses providing that Georgia had "exclusive jurisdiction over any disputes" and that "parties shall submit disputes" to Georgia courts were mandatory); *Rojas-Lozano v. Google, Inc.*, 2015 WL 4779245, at *3-*4 (D. Mass. Aug. 12, 2015) (finding clause mandatory which provides: "all claims . . . will be litigated exclusively" in California and the parties "consent to personal jurisdiction" in those courts); *EMC Corp. v. Petter*, 104 F. Supp. 3d 127, 132-33 (D. Mass. 2015) (clause mandatory where parties agreed to "submit to the exclusive jurisdiction and venue" of Massachusetts); *Monsanto Co. v. Omega Farm Supply, Inc.*, 91 F. Supp. 3d 1132, 1140 (E.D. Mo. 2015) (consenting to "the sole and exclusive jurisdiction and venue" of this Court is a mandatory forum selection clause).

In contrast to those authorities cited above, the forum selection clause at issue here confers personal jurisdiction in a forum where it would certainly otherwise be lacking as to Priore, who has no connection to Missouri. In this way, it is analogous to those forum selection clauses found permissive. *See Dunne v. Libbra*, 330 F.3d 1062, 1063-64 (8th Cir. 2003) (finding permissive clause that stated: "[t]his agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction [in] the state court of the State of Illinois."); *Autoridad de Energia Electrica de Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 18-19 (1st Cir. 2000) (finding clause that stated parties "expressly submit to the jurisdiction of all Federal and State Courts in Florida" to be "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts."). Because the forum selection clause is permissive, not mandatory, the Court proceeds with the traditional § 1404(a) analysis and not the modified *Atlantic Marine* analysis.[4] *See RELCO Locomotives*, 4 F. Supp. 3d at 1085; *Discovery Pier Land Holdings*, 2015 WL 1526005, at *3.

As stated above, a permissive forum selection clause is given less, though still significant, weight than a mandatory one. *See Dunne,* 330 F.3d at 1063

---

[4] Perficient did not address the traditional § 1404(a) factors in its opposition brief. Most of those factors – especially the most important convenience of witnesses – weigh heavily in favor of transfer.

(noting that if forum selection clause is "merely permissive . . . an action on the contract may be maintained in other reasonably convenient forums where personal jurisdiction exists."). In *Dunne*, the Eighth Circuit explained that such a permissive forum selection clause is a "risk management tool" as it deters a defendant from challenging personal jurisdiction and "avoids the need to rely solely on the traditional minimum contacts analysis by providing a second, stronger basis for jurisdiction thereby minimizing the risk that anything more than a frivolous challenge to jurisdiction may arise." *Id.* at 1064. Applying the statutory factors, the forum selection clause, even though permissive, is determinative in the analysis of the first factor – the convenience of the parties – and weighs against transfer. *Discovery Pier Land Holdings*, 2015 WL 1526005, at *4 (fact that parties contracted for the acceptance of Missouri courts "must count").

The remaining factors weigh heavily in favor of transferring this action to Massachusetts. The second factor, the convenience of witnesses, "is a primary, if not the most important, factor in considering a motion under § 1404(a)." *May Department Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995); *Midvale Industries, Inc. v. Butler*, Case No. 4:15CV1650 (JCH), 2015 WL 8479018, at *4 (E.D. Mo. Dec. 10, 2015) (convenience of witnesses is "the most powerful factor governing the decision to transfer a case."). This is considered the most important factor "because it determines the relative ease of access to sources

of proof." *Toomey v. Dahl*, 63 F. Supp. 3d 982, 993 (D. Minn. 2014). "This factor includes consideration of the number of essential non-party witnesses, their location, and the preference of the court for live testimony as opposed to depositions." *Id.* Perficient identifies no witnesses – non-party or otherwise – located in Missouri (or elsewhere) that are essential to its case. Given that Priore worked for Perficient in Boston and now works for Seniorlink in Boston, it appears unlikely that any non-party witnesses would be located in Missouri. In contrast, Priore has identified his supervisor at Seniorlink, Michael Ciano, as an essential non-party witness. Ciano works for Seniorlink in Boston and is outside the subpoena power of this Court. Ciano not only interviewed and hired Priore, he has "the authority to decide how to support the development of Seniorlink's Pegasystems, including which vendor to use," including Perficient. [20-2 at 2]. In addition to his knowledge about Priore's activities after he began working for Seniorlink directly, Ciano also has knowledge about Seniorlink's refusal to renew Perficient's contract. These issues are central to the dispute in this case and make Ciano an essential witness, as Perficient will have to demonstrate that Priore's job duties at Seniorlink constitute "competitive products or services" to prevail on its claims.

Additionally, "accessibility of records and documents is a related factor that courts consider." *Toomey*, 63 F. Supp. 3d at 993. As Priore worked for both

Perficient and Seniorlink in Boston, the documentary evidence related to this case is also located there. This information includes Seniorlink's documents, including Priore's work product for Seniorlink after he began his direct employment there. As stated above, information from Seniorlink is essential to this case and is not within the custody or control of Priore. The location and importance of key witnesses and sources of proof weigh heavily in favor of transfer to Boston, especially given the procedural posture of this case. The parties are currently engaged in expedited discovery in anticipation of a preliminary injunction hearing currently set for March 14, 2016. If discovery issues with non-party witnesses such as Seniorlink arise, they could potentially delay the preliminary injunction hearing. Expedient transfer of this case to the district court in Massachusetts will permit the parties to continue ongoing discovery in anticipation of a preliminary injunction hearing, while at the same time providing them with a readily-available forum to resolve any potential disputes that may arise with Massachusetts non-party witnesses.[5]

The location where the conduct occurred also weighs heavily in favor of transfer. Priore worked for Perficient and Seniorlink in Boston, and any alleged violations of his non-compete agreement took place, if at all, in Massachusetts. Priore signed the agreement in Massachusetts, and the agreement applies

---

[5] For example, the district court could compel, if necessary, the attendance of Seniorlink employees to testify at the preliminary injunction hearing.

Massachusetts law.  Missouri has no connection to the instant dispute, other than the permissive forum selection clause which has been addressed and appropriately weighed above.

The final interest of justice factor also weighs in favor of transfer, as the comparative costs to the parties of litigating in Massachusetts will be substantially less than if the case remains here.  Although Perficient has its principal place of business in Missouri, Priore worked for Perficient at its Massachusetts location.  To the extent its own employees are called as witnesses, they will likely be located in Massachusetts and can be produced with less time and expense than if they were required to travel to Missouri.  The litigation costs incurred by Priore will be substantially less if this case is transferred, as he lives and works in Boston.  In the event Perficient obtains a judgment against Priore, enforcement of that judgment will be slightly easier if the case is transferred to his home state of Massachusetts, but this factor is not dispositive as judgments from one district can be registered (and then enforced) in other districts.  *See* 28 U.S.C. § 1963.  Similarly, the advantages of having a Massachusetts court determine and apply Massachusetts law weigh only slightly in favor of transfer.

In conclusion, Priore has met his substantial burden of demonstrating that the balance of factors weighs strongly in favor of transferring this action to the United States District Court for the District of Massachusetts – Boston under 28

U.S.C. § 1404(a).  For this reason, the motion to transfer will be granted.  As this Court has jurisdiction over the defendant, the Temporary Restraining Order remains in full force and effect until its scheduled expiration date of March 14, 2016.  The preliminary injunction hearing set for March 14, 2016, at 9:00 a.m. is vacated, and Perficient should contact the Clerk's Office for the United States District Court for the District of Massachusetts – Boston immediately upon transfer if it wishes to schedule a prompt preliminary injunction hearing.  The expedited discovery schedule remains in full force and effect unless modified or vacated by a judge of that Court.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to transfer [14-2] is granted, and **this case is transferred to the United States District Court for the District of Massachusetts – Boston**.

**IT IS FURTHER ORDERED** that **the preliminary injunction hearing currently set for March 14, 2016, at 9:00 a.m. is vacated**, but all other Orders of this Court remain in full force and effect unless modified or vacated by the United States District Court for the District of Massachusetts.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2016.